STATE OF INDIANA    )
                    ) SS:
COUNTY OF JASPER    )

IN THE JASPER SUPERIOR COURT

CAUSE NO. 37D01-0905-

MIKE R. BYRD

    Plaintiff,

v.

CONAGRA FOODS, INC.

    Defendant.

FILED
MAY 28 2009
Kara Fishburn
Clerk of the Jasper Superior Court

## COMPLAINT

Plaintiff alleges against Defendant that:

1. The Plaintiff is Mike R. Byrd, a resident of Rensselaer, Indiana.

2. The Defendant is ConAgra Foods, Inc., which is believed to be headquartered at One ConAgra Drive Omaha, NE. 68102-5001, and which has as a local address 750 East Drexel Parkway Rensselaer, Indiana.

3. On or about July 6, 2008, Plaintiff, a maintenance technician, was called to provide maintenance to a machine, Langen Cartoner #1, which had malfunctioned. Plaintiff diagnosed the problem--one of the glue guns was not dispensing glue.

4. Plaintiff removed the machine from service and followed standard lockout procedure, and Plaintiff changed the glue gun tip.

5. Plaintiff returned the equipment to service to check repairs, and thereafter determined that the glue gun was not dispensing glue.

6. Plaintiff notified a maintenance mechanic, Scott Hivley, that Plaintiff needed a complete glue module.

7. Scott Hivley supplied Plaintiff with a new module, and upon releasing the top bolt on the module, hot glue sprayed out and landed on Plaintiff's right wrist.

8. Plaintiff requested that the machine operator, Ken Nituna, to set off the compressed air supply, and the old glue module was removed and the new one was installed.

9. Plaintiff placed the equipment back in service to test repairs, but the glue gun still did not dispense glue, so Plaintiff removed the equipment from service and isolated the air supply and proceeded to remove the glue filter and pump the line between the filter and the module out, and to verify that the line was clear.

10. Plaintiff replaced the filter and primed the line and returned the equipment to service to test repairs and the glue gun functioned properly.

11. Plaintiff then reported the burn to his right wrist to his shift supervisor, Tim Peterson, who asked Plaintiff if he wanted an accident report filed.

12. Plaintiff did not think the burn was too serious and he agreed that no accident report had to be filed.

13. About four (4) days later, on July 10, 2008, Plaintiff noticed red streaks starting at the burn blister traveling up his arm, and he requested medical attention.

14. Plaintiff was taken to the emergency room at the Jasper County Hospital and he received treatment for blood poisoning, and second and third degree burns.

15. A round table accident review was then held with the plant manager, safety director and the Plaintiff, and Plaintiff left that meeting believing that all issues had been resolved.

16. On July 15, 2008 Plaintiff attended an accident review with plant supervisors in attendance and corporate safety personnel on the speaker phone, at which time the accident was

reviewed.

17. The Corporate Safety representative concluded that the proper lockout procedures were not followed and that lack of wearing gloves was the cause of the injuries.

18. On July 19, 2008, Plaintiff reported to work but he was called into the office at about 9:00 a.m., at which time he was presented with a Corrective Counseling Form, terminated and escorted off the property.

19. Plaintiff alleges that this "reason" for his termination was false and pretextual, and that Defendant terminated Plaintiff for being involved in a work-related accident which caused severe injuries for which Plaintiff sought worker's compensation benefits under the Indiana Worker's Compensation Act.

20. Defendant's retaliatory discharge of the Plaintiff was intentional and was the sole reason for terminating the Plaintiff.

21. Plaintiff lost his job and job related benefits including income, and Plaintiff suffered, and continues to suffer from, emotional distress, mental anguish, financial distress, and other damages and injuries occasioned by Defendant's retaliatory discharge of the Plaintiff.

22. Plaintiff seeks punitive damages against the Defendant which acted intentionally and in reckless disregard of Plaintiff's right not to be terminated for seeking benefits under the Indiana Worker's Compensation Act.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, cost of the action, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

_____
Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
ismith@myers-law.com
Attorneys for Plaintiff

CCM/js
S:\Byrd, Mike\Pleadings\Complaint.wpd

-4-